THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HARJOT BAJWA, on his own behalf and on behalf of others similarly situated,

Plaintiff,

and

STATE OF WASHINGTON,

Plaintiff-Intervenor,

v.

NATIONAL AUTOMOTIVE PARTS ASSOCIATION, LLC,

Defendant.

Case No. 2:25-cv- 02280-RAJ

**DEFENDANT NATIONAL AUTOMOTIVE PARTS ASSOCIATION'S REPLY TO PLAINTIFF-INTERVENOR STATE OF WASHINGTON'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

## I.    INTRODUCTION

After Defendant National Automotive Parts Association's (NAPA) Motion to Dismiss was fully briefed, the State intervened and filed a brief in opposition to NAPA's Motion. Dkt. 22. The Court then granted NAPA leave to file this Reply to the State's Opposition.[1] *See* Minute Order

---

[1] In this Reply, NAPA incorporates the arguments made in its Reply, Dkt. 15.

DEFENDANT NAPA'S REPLY TO PLAINTIFF-INTERVENOR STATE OF WASHINGTON'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS - 1
Case No. 2:25-cv-02280-RAJ

**BALLARD SPAHR LLP**
1301 Second Avenue, Suite 2800
Seattle, Washington 98101
206.223.7000  FAX: 206.223.7107

dated Feb. 20, 2026.

The State's Opposition offers a new gloss on the same arguments made by Plaintiff. None are persuasive. The State discusses both *Gordon v. Virtumundo* and *Brown v. Old Navy*, but its engagement with these two cases is surface-level and misses the point. The Court in *Virtumundo* explains that CAN-SPAM's preemption clause is broad, which neither the Plaintiff nor the State are willing to acknowledge. Similarly, the State's reliance on *Brown* is misplaced because the Washington Supreme Court never addressed CAN-SPAM preemption, the central issue in NAPA's Motion to Dismiss.

Additionally, like the Plaintiff, the State summarily contends that NAPA's due process argument is premature. But the State's analysis of relevant caselaw is again flawed. Their theory transforms CEMA into a purely punitive statute, a lawsuit under which poses an existential threat to any company who sends marketing emails despite causing no actual harm. Plaintiff's claim, as pleaded, violates due process, and NAPA need not proceed to trial to show that Plaintiff's claim is unconstitutional on its face.

The State's Opposition should not change the Court's analysis on NAPA's Motion. Plaintiff's CEMA claim is pre-empted and must be dismissed. Even if the Court concludes that Plaintiff's CEMA claim falls into CAN-SPAM's savings clause, Plaintiff fails to plead the necessary elements of a fraud claim and certainly does not do so with the particularity required under Rule 9(b). Because Plaintiff's CPA claim is wholly based on NAPA's alleged CEMA violations, it follows that Plaintiff's CPA claim fails as well. The Court should therefore dismiss Plaintiff's claims with prejudice and without leave to amend.

## II.      ANALYSIS

### A.      Plaintiff's CEMA Claim Is Pre-empted.

In its response, the State first re-hashes the canonical presumption against preemption, which is recited in *Virtumundo*. State Opp. at 3. Notably, the State neglects to mention the Ninth Circuit's *conclusion* in applying that presumption to CAN-SPAM's preemption clause, wherein it

DEFENDANT NAPA'S REPLY TO PLAINTIFF-INTERVENOR'S OPPOSITION TO PLAINTIFF-INTERVENOR'S RESPONSE IN OPP TO DEFENDANT'S MOTION TO DISMISS – 2
Case No. 2:25-cv-02280-RAJ

**BALLARD SPAHR LLP**
1301 Second Avenue, Suite 2800
Seattle, Washington 98101
206.223.7000  FAX: 206.223.7107

actually found that "the express language of § 7707(b) demonstrates Congress's intent that the CAN–SPAM Act **broadly** preempt state regulation of commercial e-mail with limited, narrow exception." *Virtumundo*, 575 F.3d at 1061 (emphasis added). Despite the narrow presumption, the Ninth Circuit concluded that CAN-SPAM's preemption was nevertheless *broad*. By reciting the presumption but not the outcome, the State's argument misses the point.

The limited, narrow exception has real meaning; the State just misreads the Ninth Circuit's opinion. The *Virtumundo* court reasoned that it was Congress' intent "to save from preemption *only*[2] statutes, regulations, or rules that target fraud or deception." *Id*. (quotations omitted, emphasis added). As explained in NAPA's Motion, the court employed *noscitur a sociis* to read "falsity" in conjunction with "deception" to mean "traditionally tortious or wrongful conduct." Thus, "*only*" "traditionally tortious" claims for "fraud or deception" are saved from preemption.[3] The State misses this argument entirely by ignoring vast swaths of the court's analysis.

Instead of grappling with the Ninth Circuit's analysis of § 7707(b)'s preemptive force, or making an argument as to how Plaintiff's CEMA claim somehow falls into the narrow reservoir of traditionally tortious claims for fraud or deceit, the State's Opposition pivots to declare that *Virtumundo* only addressed § 7707(1)(a), not 1(b), and is therefore not helpful. State Opp. at 5-6. This is a bizarre argument, and it is demonstrably false. *See Virtumundo*, 575 F.3d at 1060-63 (interpreting preemptive scope of § 7707(1)(b) for three pages).

The State's next argument is equally meritless. The State contends that the Washington Supreme Court's decision in *Brown* "harmonizes CEMA with CAN-SPAM." State Opp., at 6. This assertion is again demonstrably false, as the *Brown* court addresses only one statute, CEMA, and

---

[2] The State apparently misses this key word in the Ninth Circuit's opinion. State Opp. at 4, Sect. A.1.

[3] The State contends that "deceit" and "deception" are different terms. State Opp. 8-9. What the State fails to do, however, is explain how its concept of deception (unlike deceit) is a "traditional tort," or how Congress could save from preemption state common law claims for deceit when it unambiguously sought to save its common analog called "fraud." Deceit is a traditional common law claim, like fraud, and Congress sought to save them both from preemption.

DEFENDANT NAPA'S REPLY TO PLAINTIFF-INTERVENOR'S OPPOSITION TO PLAINTIFF-INTERVENOR'S RESPONSE IN OPP TO DEFENDANT'S MOTION TO DISMISS – 3
Case No. 2:25-cv-02280-RAJ

**BALLARD SPAHR LLP**
1301 Second Avenue, Suite 2800
Seattle, Washington 98101
206.223.7000  FAX: 206.223.7107

does not even *mention* – much less analyze, or "harmonize" – CEMA's interaction with CAN-SPAM. *See generally Brown v. Old Navy, LLC*, 567 P.3d 38 (Wash. 2025). Indeed, the certified question does not concern preemption whatsoever. *Id*. at 585–86. Whether the defendant in *Brown* made arguments to the federal district court regarding CAN-SPAM preemption does not, as a matter of law or logic, mean that the Washington Supreme Court "resolved" or "harmonized" CEMA with a federal statute *it did not even mention a single time*. The *Brown* court addressed one side of the equation – state law; it did not address the intersection of state law and federal law. The State's assertion is therefore unfounded.

The State's final argument regarding preemption is merely a re-packaging of the same arguments made by Plaintiff. State Opp. at 11-12. They both insist that § 7707(b)(2)(B)'s usage of the word "fraud" implies that § 7707(b)(1) cannot mean fraud. Although perhaps intuitive, this argument calls for a direct repudiation of the interpretation that was *already* provided by the Ninth Circuit in *Virtumundo* regarding the meaning of § 7707(b)(1): "[W]e . . . interpret the CAN–SPAM Act's express preemption clause in a manner that preserves Congress's intended purpose—i.e., to regulate commercial e-mail on a nationwide basis, 15 U.S.C. § 7701**(b)(1)**, and to save from preemption only statutes, regulations, or rules that target fraud or deception." (citations and quotations omitted) (emphasis added). The Ninth Circuit did not adopt the State's interpretation of § 7701(b)(1), and nor should this Court.

**B.    Plaintiff's Claims Violate Due Process.**

The State contests NAPA's due process argument by arguing that, pursuant to *Wakefield v. ViSalus*, "'constitutional due process limitations are more likely to apply' in circumstances '[w]here a statute's compensation and deterrence goals are so greatly overshadowed by punitive elements.'" State Opp. at 14 (quoting *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1122 (9th Cir. 2022)). But this is exactly the point. In this putative class action, Plaintiff seeks minimally tens of millions of dollars from NAPA for sending commercial emails with subject lines advertising real sales and promotions. Plaintiff never alleges that the promotions were fake or falsified, let alone

DEFENDANT NAPA'S REPLY TO PLAINTIFF-INTERVENOR'S OPPOSITION TO PLAINTIFF-INTERVENOR'S RESPONSE IN OPP TO DEFENDANT'S MOTION TO DISMISS – 4
Case No. 2:25-cv-02280-RAJ

**BALLARD SPAHR LLP**
1301 Second Avenue, Suite 2800
Seattle, Washington 98101
206.223.7000  FAX: 206.223.7107

that Plaintiff, or anyone else, engaged in *any* transaction due to NAPA's alleged misrepresentations. Plaintiff's allegations here, if allowed to proceed, would transform CEMA into a highly punitive statute whereby virtually every business who sends marketing emails would be forced to litigate existential cases through at least summary judgment, against consumers who suffered no actual injury, yet seek tens or hundreds of millions of dollars. Many defendants will not have the financial wherewithal to survive such onerous litigation, even if they would ultimately prevail on the merits. This is exactly what *Wakefield* warns of—a circumstance "in which a largely punitive per-violation amount results in an aggregate that is gravely disproportionate to and unreasonably related to the legal violation committed." *Id.* at 1124.[4]

### III.    CONCLUSION

The arguments in the State's response brief do not save Plaintiff's claims from CAN-SPAM preemption or the Due Process Clause. Plaintiff's claims are preempted and violate due process, and they must therefore be dismissed in their entirety, with prejudice, and without leave to amend.

---

[4] NAPA noted that Plaintiff's conception of CEMA could run afoul of the commerce clause by seeking to regulate and burden extraterritorial conduct beyond the state of Washington. Mot. at 15, n.5. The State objects to the brevity of NAPA's argument, but notably does not engage with the thrust of NAPA's point – that imposing millions of dollars of liability upon foreign companies on behalf of no-injury classes exceeds the constitutional constraints of state regulation. The facts in *National Pork Producers Council v. Ross*, 598 U.S. 356, 368 (2023) did not even remotely approach the scope and breadth contemplated by Plaintiff's theory of liability for emails he received. NAPA cautions that Plaintiff's theory constitutes an unprecedented expansion of state regulatory authority over interstate commerce in the shadow of a federal statute that *expressly* seeks to prevent that precise outcome.

DEFENDANT NAPA'S REPLY TO PLAINTIFF-
INTERVENOR'S OPPOSITION TO PLAINTIFF-
INTERVENOR'S RESPONSE IN OPP TO
DEFENDANT'S MOTION TO DISMISS – 5
Case No. 2:25-cv-02280-RAJ

**BALLARD SPAHR LLP**
1301 Second Avenue, Suite 2800
Seattle, Washington 98101
206.223.7000  FAX: 206.223.7107

DATED: February 27, 2026

BALLARD SPAHR LLP

By:    *s/Erin M. Wilson*
Jeffrey M. Odom, WSBA No. 36168
Erin Wilson, WSBA No. 42454
Dailey Koga, WSBA No. 58683
1301 Second Ave., Suite 2800
Seattle, WA  98101
Telephone:  206.223.7000
odomj@ballardspahr.com
wilsonem@ballardspahr.com;
kogad@ballardspahr.com

*Attorneys for Defendant National Automotive Parts Association, LLC*

I certify that this brief contains 1416 words in compliance with Local Civil Rule 7.

DEFENDANT NAPA'S REPLY TO PLAINTIFF-
INTERVENOR'S OPPOSITION TO PLAINTIFF-
INTERVENOR'S RESPONSE IN OPP TO
DEFENDANT'S MOTION TO DISMISS – 6
Case No. 2:25-cv-02280-RAJ

BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, Washington 98101
206.223.7000  FAX: 206.223.7107